# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00085-CR

---

**Esaia Kemuel Morris, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 22ND DISTRICT COURT OF HAYS COUNTY**
**NO. CR-16-0350, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Esaia Kemuel Morris pled guilty to murder and submitted the issue of punishment to a jury. *See* Tex. Penal Code § 19.02(b). The jury rejected appellant's claim of sudden passion, *see id.* § 19.02(d), and assessed his punishment at confinement for seventy-five years in Texas Department of Criminal Justice and a $10,000 fine, *see id.* §§ 19.02(c), 12.32.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Appellant requested access to the appellate record, and pursuant to this Court's order the clerk of the trial court provided written verification to this Court that the record was provided to appellant. *See Kelly*, 436 S.W.3d at 321. To date, appellant has not filed a pro se response or requested an extension of time to file a response.

We have conducted an independent review of the record—including the record of the trial proceedings below and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.[1] Through our independent review of the record, however, we note that the trial court's written judgment of conviction contains non-reversible errors.

---

[1] Appointed counsel certified to this Court that he advised appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous. In addition, appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*. Nevertheless, appointed counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which mandates that counsel send appellant a copy of this Court's opinion and judgment along with notification of his right to file a pro se petition for discretionary review within five days after this opinion is handed down. *See* Tex. R. App. P. 48.4; *see In re Schulman*, 252 S.W.3d 403, 411 n.35 (Tex. Crim. App. 2008). The duty to send appellant a copy of this Court's decision is an informational one, not a representational one. *See In re Schulman*, 252 S.W.3d at 411 n.33. It is ministerial in nature, does not involve legal advice, and exists after this Court has granted counsel's motion to withdraw. *See id.*

First, the judgment of conviction states that the "Statute for Offense" is "19.02(c) Penal Code." This statutory provision establishes that the offense of murder is, generally, a first-degree felony. However, the applicable statutory provisions for the offense for which appellant was convicted include Penal Code section 19.02(b), the statutory provision that defines the offense of murder.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment of conviction to reflect that the "Statute for Offense" is "19.02(b), (c) Penal Code."

In addition, although the trial court's judgment of conviction does not order appellant to pay attorney's fees for his court-appointed counsel, the incorporated bill of costs includes $22,739.25 in court-appointed attorney's fees. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (concluding that court-appointed attorney's fees set forth in certified bill of costs are effective, whether or not orally pronounced and whether or not incorporated in written judgment). A trial court's authority to order a defendant to repay the cost of court-appointed legal counsel is expressly conditioned on the court determining that the defendant has the financial resources and ability to pay. Tex. Code Crim. Proc. art. 26.05(g); *see Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (observing that "the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees [of legal services provided]" (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010))).

The record in this case reflects that the trial court found appellant indigent and appointed counsel to represent him prior to trial and again on appeal. Because the trial court

found appellant indigent, he is presumed to remain indigent absent proof of a material change in his circumstances. *See* Tex. Code Crim. Proc. art. 26.04(p); *Mayer*, 309 S.W.3d at 557. Nothing in the record here indicates a change in appellant's financial circumstances. Further, the record contains no determination by the trial court that appellant has the ability to pay attorney's fees, and we find no factual basis in the record to support such a determination. Therefore, it was error to assess attorney's fees against appellant for court-appointed counsel. Accordingly, we modify the judgment of conviction to delete the reference to the bill of costs as to the fee for "Attorney Fees" and delete the $22,739.25 attributed to court-appointed attorney's fees from the bill of costs. *See Cates*, 402 S.W.3d at 252 (explaining that proper remedy for improperly imposed court-appointed attorney's fees is to reform judgment by deleting court-appointed attorney's fees from order assessing court costs); *see, e.g.*, *Viator v. State*, No. 03-18-00728-CR, 2019 WL 2127890, at *2 (Tex. App.—Austin May 16, 2019, no pet.) (mem. op., not designated for publication) (modifying judgment by deleting attorney's fees from bill of costs before affirming conviction in frivolous appeal under *Anders*).

Modified as described above, the trial court's judgment of conviction is affirmed.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Modified and, as Modified, Affirmed

Filed: February 26, 2020

Do Not Publish

4